### Petition of Goffstown and Dunbarton.

Under the statute providing that all petitions relating to roads which pass over land in two or more counties shall be referred to the commissioners of all such counties, "and they shall constitute a joint board," it is not necessary that reports upon petitions for the discontinuance of highways be signed by a majority of the commissioners of each county. If signed by a majority of the joint board it is sufficient.

The towns of G. and D., situated in different counties, petitioned the court for the discontinuance of a highway laid out in those towns, and it was referred to the commissioners of both counties, making a joint board of six. A report discontinuing the road was signed by four of the six; three of them residing in one county and one in the other. — *Held*, that the report was well signed.

Petition for the discontinuance of a highway, by the town of Goffstown, in the county of Hillsborough, and the town of Dunbarton, in the county of Merrimack.

The petition was entered at the April term of the Common Pleas, 1856, and, no one appearing to oppose the same, was referred to the commissioners of the counties of Hillsborough and Merrimack, in which the highway is situated. At the November term, 1856, the commissioners made a report to the Common Pleas that the highway should be discontinued, the report being signed by the three commissioners of the county of Merrimack and by but one of the commissioners of the county of Hillsborough.

Upon the return of the report, George W. Prescott and others appeared and objected to its acceptance, because it was not signed by more than one of the road commissioners of the county of Hillsborough. The court sustained the objection, and ordered that the report be rejected. To this order the towns excepted, and filed their bill of exceptions, which was allowed.

*Morrison, Fitch & Stanley*, for the towns.

The question arising in this case depends upon the construction of the statute. By sec. 5, ch. 53, Compiled Statutes, it is provided that " where a proposed highway shall pass over land in more than one county, the petition shall be referred to the

road commissioners for all such counties, and they shall constitute a joint board;" and by sec. 37, ch. 1659, Laws of 1855, it is provided that the "county commissioners shall have and enjoy all the power and authority, and be entitled to the same compensation in the same way that road commissioners by law have, possess and are entitled to for like services." 

And the same law applies to petitions for a discontinuance of highways.

This petition, having been properly referred to the county commissioners for the counties of Hillsborough and Merrimack, the counties in which the highway is, the commissioners for those counties constituted a joint board for the consideration of the petition.

It was simply one board of six persons, and, as appears by the report, all the members of the board were present and heard the evidence of the parties.

It was not necessary that a majority of both boards, as originally constituted, should sign the report. For the purposes of this petition the two counties were one district, with a board of six commissioners, and all that was requisite was that a majority should sign the report, without regard to where they resided.

*Cross & Topliff*, for the original petitioners.

Eastman, J. The only question presented by this case is, whether a report, discontinuing a highway upon a petition which has been referred to a joint board, consisting of the commissioners of two counties, must be signed by a majority of the commissioners of each county.

By sec. 4, chap. 50, Rev. Stat., it is provided that "If no sufficient objection shall be made, all petitions relating to roads shall be referred to the road commissioners of the county, except where the proposed highway shall pass over land in two or more counties."

The fifth section of the same chapter provides that "In such cases the petition shall be referred to the road commissioners of all such counties, and they shall constitute a joint board; a copy

of such petition and of the order of reference shall be furnished to the road commissioners of each county, and they shall make a joint report to the Court of Common Pleas in each county."

And by the fourth section of chapter 51, Rev. Stat., which treats of the powers of road commissioners, it is provided that " they shall make report to the court in each county in which any highway laid out, altered, or *discontinued* by them, shall pass."

By the act of July 14, 1855, the county commissioners are clothed with all the powers of road commissioners; and by sec. 13, chap. 1, Rev. Stat., it is provided that " all words purporting to give a joint authority to three or more public officers, shall be construed as giving such authority to a majority of them, unless otherwise expressly declared."

County commissioners have jurisdiction of applications for highways in towns where the selectmen refuse to act, and also in their respective counties, where the highways pass from town to town. The statute makes them the tribunal that is to decide upon the merits of such cases. But where the petition is to lay out or discontinue a highway passing over land in two or more counties, the board that is to decide upon the application is made to consist of *all* the commissioners in such counties. Instead of having a board for the whole State, whose jurisdiction shall embrace applications of this kind, the commissioners of the counties are empowered to act. In such cases, the boards of the respective counties become merged into one; as much so as though specially elected to consider applications for those counties. The several identity of each board is lost by the formation of the new one, and the individual members, while serving in the new board, act as members of that board alone. The boards are no longer separate, and distinct and independent of each other, but they are one *joint* board, and their reports are to be signed accordingly.

There is no provision of law requiring a report for the discontinuance of a highway to be signed by all of the members of the board, and a report signed by a majority, as was the case here, was sufficient.

The ruling of the court below was consequently erroneous, and the order there made, rejecting the report, must be vacated.